## BOUR et al. v. UNITED STATES.

### (Circuit Court, S. D. New York. December 9, 1898.)

### No. 2,272.

1. CUSTOMS DUTIES—CLASSIFICATION—DESIGNATION OF ARTICLE.
   Where the evidence as to the commercial designation of an article is conflicting, the ordinary name given it in common speech, when proper under the definition given by the dictionaries, will govern in making classification.[1]

2. SAME—PLACQUES.
   Flat, rectangular porcelain panels decorated by means of paints known as mineral colors, as distinguished from oil and water colors, and completed by firing, are dutiable, under paragraph 85 of the tariff law of 1894, as placques, and are not free, under paragraph 575, as "paintings in oil or water colors, * * * not otherwise specifically provided for, * * * and not made wholly or in part by stenciling or other mechanical process."

This is an appeal by Bour & Bouillon from the decision of the board of general appraisers affirming the classification for duty of certain imported merchandise.

Albert Comstock, for importers.
Henry C. Platt, Asst. U. S. Atty.

TOWNSEND, District Judge (orally). The articles in question are flat, rectangular porcelain panels, decorated by means of paints composed of powders mixed in oil or water, and known as mineral colors, as distinguished from oil and water colors. The decoration of these articles is then completed by a process of firing. The evidence is very strong that the articles are commercially known as placques; but, in view of the finding of the board of general appraisers, as I understand that finding, that it is not satisfactorily shown that they are commercially known as placques, I do not feel disposed to disturb that finding. The utmost, however, that can be claimed on behalf of the importers is that it has not been shown that these articles are commercially known as placques. We are, then, brought to the question as to what they are in fact, and how they are known and designated in common speech. The testimony of the appellant himself and of his witnesses, and the ordinary understanding of people, as the court understands it, fortified by the dictionary definition, all seem to show that these articles are placques in common speech. Webster says a placque is "any flat, thin piece of metal, or clay, or ivory, or similar material, used for ornament, or for painting pictures on, * * * and hung upon the wall," or words to that effect. Inasmuch, therefore, as there is a conflict of testimony as to commercial designation, and as the whole evidence tends to show that these articles are, and are ordinarily known as, placques, they are specifically provided for under paragraph 85 of the act of 1894, and were properly classified for duty at 35 per cent. ad valorem as "placques, painted or otherwise decorated in any manner," and are not free, under paragraph 575 of said act, as

[1] For interpretation of commercial and trade terms generally, see note to Dennison Mfg. Co. v. U. S., 18 C. C. A. 545.

"paintings in oil or water colors * * * not otherwise specifically provided for, * * * and not made wholly or in part by stenciling or other mechanical process." The decision of the board of appraisers is therefore affirmed.